# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELWYN BROWN,  :  <br>    Petitioner  :  <br>                            :  <br>    v.                         :  <br>                            :  <br>WARDEN SCI HUNTINGDON, et al.,  :  <br>    Respondents  :  | No. 1:20-cv-00167 <br><br>(Judge Kane) |

## MEMORANDUM

On January 31, 2020, pro se Petitioner Selwyn Brown ("Petitioner"), who is presently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] seeking to challenge a decision by the Pennsylvania Board of Probation and Parole ("PBPP") to deny him parole.  (Doc. No. 1.)  Petitioner also filed a motion for leave to proceed in forma pauperis (Doc. No. 2) and a memorandum of law in support of his § 2254 petition (Doc. No. 3).  In an Order dated February 20, 2020, the Court granted Petitioner leave to proceed in forma pauperis and directed Respondents to respond to the petition within twenty (20) days.  (Doc. No. 7.)  On March 17, 2020, having received no response from Respondents, the Court issued a second Order to show cause.  (Doc. No. 8.)  Respondents filed their response on April 1, 2020.  (Doc. No. 10.)  Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so.  Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2254 petition is ripe for disposition.

---

[1] Although Petitioner used this Court's form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 the Court has construed Petitioner's petition as one brought pursuant to § 2254 because he is challenging the denial of parole.  See Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (concluding that state inmates seeking to challenge the denial of parole must proceed under § 2254).

**I.     BACKGROUND**

On April 30, 2002, the Court of Common Pleas for Philadelphia County, Pennsylvania sentenced Petitioner to serve at least ten (10), but no more than twenty (20), years' incarceration for rape, four (4) counts of robbery, four (4) counts of kidnapping, conspiracy to commit robbery, burglary, criminal attempt—escape, and intimidation of a witness. (Doc. No. 10-1 at 4-5.) Petitioner's controlling minimum sentence expired on June 5, 2016, and his controlling maximum sentence expires on June 5, 2026. (Id. at 5.)

On March 5, 2018, the PBPP denied Petitioner parole for the following reasons: (1) his need to participate in and complete institutional programs; (2) his institutional behavior, including reported misconducts; (3) his risk and needs assessment indicating his risk to the community; (4) the negative recommendation made by the Department of Corrections ("DOC"); and (5) reports, evaluations, and assessments indicating that he posed a risk to the community. (Id. at 16.) The PBPP indicated that Petitioner would be reviewed for parole again "upon completion of programming as indicated by recent DOC assessment." (Id.) The PBPP noted further that at Petitioner's next interview, it would consider whether Petitioner had: (1) successfully completed a treatment program for sex offenders; (2) received a favorable recommendation from the DOC; (3) received a clear conduct record; and (4) completed the DOC's prescriptive programming. (Id. at 16-17.)

On October 29, 2019, the PBPP again denied Petitioner parole for the following reasons: (1) his risk and needs assessment indicating his risk to the community; (2) his prior unsatisfactory parole supervision history; (3) reports, evaluations, and assessments indicating that he posed a risk to the community; (4) his minimization or denial of the nature and circumstances of his offenses; and (5) his lack of remorse. (Id. at 19.) The PBPP noted that

Petitioner would again be reviewed for parole around October 2020.  (Id.)  The PBPP noted further that at Petitioner's next interview, it would consider whether Petitioner had: (1) maintained a favorable recommendation for parole from the DOC; and (2) maintained a clear conduct record.  (Id. at 19-20.)

On January 31, 2020, Petitioner filed the instant § 2254 petition, alleging that the PBPP's denial of parole "was [an] arbitrary and capricious abuse of discretion" that violates his rights under the Due Process Clause of the Fourteenth Amendment.  (Doc. No. 1 at 7.)  According to Petitioner, he satisfied the requirements set by the PBPP when he was denied parole on March 5, 2018, and the "reason for denial being lack of remorse was wholly unsupported by the record and contradicted by prison staff's progress reports."  (Id.)  Petitioner maintains further that he has been punished "multiple times on separate occasions for [a] past parole violation" and that the PBPP's failure to "mention this as [a] reason for denial at [his] previous hearing [on March 5, 2018] therefore mak[es] said hearing a mockery of due process."  (Id.)[2]  Petitioner avers that he "was subject to whims, sudden changes, [and] false and defamatory statements by the [PBPP] which caused [him] to receive a bias[ed] review."  (Id.)  As relief, Petitioner requests that the court grant his § 2254 petition, "vacate the October 2019 decision of the [PBPP,] and order the Commonwealth of Pennsylvania to release him from custody."  (Doc. No. 3 at 5-6.)

**II.   DISCUSSION**

The United States Supreme Court has held that the granting of parole prior to the expiration of a prisoner's maximum term of imprisonment is not a liberty interest protected by the Fourteenth Amendment's Due Process Clause.  See Greenholtz v. Inmates of Neb. Penal &

---

[2] From Petitioner's filings, it appears that he was on parole for "nonviolent drug offenses" when he committed the offenses mentioned above.  (Doc. No. 3 at 1.)  Petitioner states that his "sentence of 10 to 20 years was concurrent with his previous sentence."  (Id.)

Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, the existence of a state parole system alone does not create a constitutionally protected liberty interest. See Bd. of Pardons v. Allen, 482 U.S. 369, 373 (1987). Pennsylvania's Probation and Parole Act does not grant state prisoners any constitutionally protected liberty interest in being released on parole prior to the expiration of their controlling maximum sentences. See McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997).

However, while Petitioner has no procedural due process right to parole, the United States Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." See Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Consequently, a federal court may review a decision by the PBPP only for abuse of discretion. See id. Upon such review, relief is available only if the petitioner can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the PBPP made its determination based on "frivolous criteria with no rational relationship to the purpose of parole." See id. at 236 n.2. Relief is also available if the PBPP's determination was rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). It is clear, therefore, that "federal courts . . . are not to second-guess parole boards, and the requirements of substantive due process

4

are met if there is some basis for the challenged decision." See Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002); see also Coady, 251 F.3d at 487. Moreover, the "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" See Hunterson, 308 F.3d at 247.

In the instant case, Petitioner does not allege that he was denied parole based on race, religion, ethnicity, political beliefs, or another impermissible reason. The record before the Court indicates that the PBPP's October 29, 2019 decision to deny Petitioner parole was based upon the following reasons: (1) his risk and needs assessment indicating his risk to the community; (2) his prior unsatisfactory parole supervision history; (3) reports, evaluations, and assessments indicating that he posed a risk to the community; (4) his minimization or denial of the nature and circumstances of his offenses; and (5) his lack of remorse. (Doc. No. 10-1 at 19.) Consequently, the PBPP's decision "was based on its discretion in applying the legitimate factors established by the Pennsylvania Legislature." See Rodriguez v. Mooney, No. 3:14-cv-139, 2017 WL 4320323, at *4 (M.D. Pa. Sept. 28, 2017); see also 61 Pa. Cons. Stat. § 6135 (setting forth the criteria the PBPP is to consider when deciding whether to grant or deny parole). Petitioner has not demonstrated that any of the factors considered by the PBPP shock the conscience or that such factors constitute behavior that is intended to injure him a way not justified by any legitimate government interest. See McGinnis v. Royster, 410 U.S. 263, 277 (1973) (noting that it is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"); Gordon v. Wenerowicz, No. 1:10-cv-1257, 2011 WL 5509538, at *4 (M.D. Pa. Nov. 10, 2011) (concluding that a denial of parole because the petitioner poses a risk to the

community is not "conscience shocking"). Moreover, Petitioner has failed to present any evidence to support his claim that the PBPP relied on incorrect information to deny him parole. See Robinson v. Pa. Bd. of Prob. & Parole, No. 17-5242, 2019 WL 3003522, at *5 (E.D. Pa. Mar. 22, 2019) (concluding that the petitioner's claim that the PBPP denied him parole based upon "purportedly incorrect information" was "pure speculation"). Thus, Petitioner has failed to demonstrate that he is entitled to federal habeas corpus relief under the Due Process Clause.

Petitioner also appears to suggest that the PBPP's denial of parole violated his rights under the Equal Protection Clause because the PBPP "[has] paroled other inmates on essentially the same offenses." (Doc. No. 3 at 3.) The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." See U.S. CONST. amend. XIV. To maintain an equal protection claim, a petitioner must allege that: (1) he or she is a member of a protected class; (2) he or she was treated differently from similarly situated persons; and (3) the resulting discrimination was purposeful or intentional, rather than incidental. See Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 423-24 (3d Cir. 2000). Inmates, however, are not a suspect class for purposes of an equal protection claim. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2011). Petitioner has not identified any similarly-situated individuals whom the PBPP treated more favorably without a rational basis. Moreover, nothing in the record before the Court suggests that the PBPP subjected Petitioner to intentional or purposeful discrimination. Rather, as noted above, the PBPP denied Petitioner parole based upon its consideration of the legitimate factors set forth by the Pennsylvania legislature. Consequently, Petitioner is not entitled to federal habeas relief under the Equal Protection Clause.

**III.     CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  In the case at bar, jurists of reason would not find the Court's disposition of this case debatable.  Accordingly, the Court will not issue a COA in this case.

**IV.     CONCLUSION**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be denied and a COA will not issue.  An appropriate Order follows.